1  JOSEF D. COOPER (53015)
   TRACY R. KIRKHAM (69912)
2  COOPER & KIRKHAM, P.C.
   357 Tehama Street, Second Floor
3  San Francisco, CA  94103
   Telephone: (415) 788-3030
4  Facsimile:  (415) 882-7040
   E-mail:  jdc@coopkirk.com
5  Co-Lead Counsel for Indirect-Purchaser Plaintiffs

6  KAMALA D. HARRIS
   Attorney General of the State of California
7  KATHLEEN FOOTE (65819)
   Senior Assistant Attorney General
8  EMILIO E. VARANINI (163952)
   455 Golden Gate Avenue, Ste. 11000
9  San Francisco, CA 94102
   Telephone:  (415) 703-5908
10 Facsimile:  (415) 703-5480
   E-mail:  Emilio.Varanini@doj.ca.gov
11 Attorneys for the State of California On Behalf of All Attorneys General

12

13                        **UNITED STATES DISTRICT COURT**

14                       **NORTHERN DISTRICT OF CALIFORNIA**

15                              **OAKLAND DIVISION**

16  In re DYNAMIC RANDOM ACCESS          )   Case No. M-02-1486-PJH
    MEMORY (DRAM) ANTITRUST             )   MDL No. 1486
17  LITIGATION                           )
                                         )   **[PROPOSED] ORDER GRANTING**
18  This Document Relates to:            )   **FINAL APPROVAL OF SETTLEMENTS,**
                                         )   **PLANS OF DISTRIBUTION AND**
19  ALL INDIRECT PURCHASER ACTIONS       )   **CLAIMS PROTOCOLS, CERTIFYING**
                                         )   **SETTLEMENT CLASSES, FINALLY**
    and                                  )   **ADOPTING SPECIAL MASTER'S**
20  *State of California et al. v. Infineon*   )   **REPORT AND  RECOMMENDATIONS,**
    *Technologies AG, et al.*            )   **PARTS I AND II; FINAL JUDGMENT OF**
21  *State of New York v. Micron Technology Inc., et*  )   **DISMISSAL WITH PREJUDICE**
    *al.*                                )
22  *State of California et al. v. Samsung Electronics*  )   Case No. C 06-4333 PJH
    *Co., Ltd., et al.*                  )   Case No. C 06-6436 PJH
23
    *State of California et al. v. Winbond Electronics*  )   Case No. C 07-1347 PJH
24  *Co.*                                )   Case No. C 07-2589 PJH
                                         )
25  *Petro Computer Systems, Inc. v. Hitachi, Ltd.*  )   Case No. C 12-5213 PJH
                                         )
26  *Petro Computer Systems, Inc. v. Mitsubishi*  )   Case No. C 12-5214 PJH
    *Electric Corporation, et. al.*      )
                                         )
27  _____  )

28

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Petro Computer Systems, Inc. v. Toshiba Corporation, et. al.*

*State of California et al., v. Toshiba Corporation et al.,*

*State of California et al., v.  Mitsubishi Electric Corporation, et. al.*

*State of California et al., v.  Hitachi, Ltd.*

)
)
)
)
)
)
)
)
)
)

Case No. C 12-5215 PJH

Case No. C 12-5230 PJH

Case No. C 12-5229 PJH

Case No. C 12-5231 PJH

The Indirect Purchaser Plaintiffs and the Attorneys General have jointly moved the Court to:

(1)     Grant final approval to settlements with defendants Samsung, Winbond, Infineon, Elpida, NEC, Micron, Mosel, Hynix, Nanya, Toshiba, Hitachi, and Mitsubishi, as those entities are defined in their respective Settlement Agreements (collectively, the "Settlements" and the "Settling Defendants") and certify the settlement classes defined in the Settlement Agreements pursuant to Rule 23, Federal Rules of Civil Procedure;

(2)     Grant final approval to the plans for distributing the settlement proceeds to members of the Indirect Purchaser Settlement Class and to members of the Government Purchaser Settlement Classes ("Plans of Distribution") that are recommended in the "Report and Recommendations of Special Master, Part I: Settlement Class Certifications And Plans Of Allocation And Distribution Of The Settlement Proceeds To The Settlement Classes" ("Report, Part I"), filed January 8, 2013 (Dkt. No. 2132) at ¶¶ 24, and 293 – 363;

(3)     Grant final approval to the protocols for claims processing for the Indirect Purchaser Settlement Class that were recommended in the "Report and Recommendations of Special Master, Part II: Notice Programs, Claim Procedures and Processing" ("Report, Part II"), filed June 24, 2013 (Dkt. No. 2147) at ¶¶ 29 – 38;

(4)     Adopt, as a final matter, the findings of fact, conclusions of law and recommendations contained in the Special Master's Report, Part I, and in the Special Master's Report, Part II, as to the process employed in arriving at and fixing the protocols for claims processing for the Indirect Purchaser Settlement Class pursuant to Rule 53(f)(2), Federal Rules of Civil Procedure.

A hearing was held on June 25, 2014, and these matters having come on before the Court to determine whether to finally approve the Settlements, the plans of distribution and the claims protocols, and whether to adopt as a final matter the findings, conclusions and recommendations in the Report, Parts I and II.   Six (6) objections were filed on behalf of a total of thirteen (13) members of the Indirect Purchaser Settlement Class.  These objections were directed to the certification of the

Indirect Purchaser Settlement Class, the form of notice to that Class, and the plan of distribution proposed for that Class.  The substance of these objections falls broadly into the following categories:  (1) that the Indirect Purchaser Settlement Class fails to satisfy the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure because it includes residents of states whose courts construe their antitrust laws in accordance with *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) ("non-repealer states");  (2) that the proposed plan of distribution for the Indirect Purchaser Settlement Class is unfair and unreasonable because it provides for the payment of claims from residents of non-repealer states *pro rata* with the claims of residents of states whose courts or legislatures have determined that their antitrust laws are not constrained by *Illinois Brick* ("repealer states");  (3) that the proposed plan of distribution for the Indirect Purchaser Settlement Class is unfair and unreasonable because it contains contingent provisions that under certain circumstances would trigger the *cy pres* distribution of a portion of the settlement proceeds;  (4) that neither the settlements nor the plan of distribution can be approved until the contingent *cy pres* recipients are determined; and (5) that the notice given to the Indirect Purchaser Settlement Class was insufficient because it did not provide putative class members with information from which to compute the amount of money that they will receive from the settlement funds.  No objections were raised to the certification of the Government Purchaser Settlement Classes, to the plans of distribution recommended by the Special Master for those classes, or to the claims protocols for the Indirect Purchaser Settlement Class.  No objectors appeared at the hearing.

The Court having carefully reviewed the Settlement Agreements, and Plaintiffs' motions for final approval of the settlements, approval of the plans of distribution and claims processing protocols and the adoption of the Report Parts I and II (Dkt. Nos. 2213 and 2215), the objections raised to the approval of the Settlements, certification of the Indirect Purchaser Settlement Class, the plan of distribution recommended by the Special Master for the Indirect Purchaser Settlement Class, and to the class notice (Dkt. Nos. 2198, 2199, 2200, 2201, 2202, 2204, 2225, 2226 and 2228), and the Plaintiffs' responses to these objections in their motions for final approval and for adoption of

2

the plans of distribution and claims protocols, the arguments of counsel, and the records on file in this action, and having addressed these objections and other issues at the hearing, the Court has rejected these objections and determined that: (1) the Settlements as set forth in the Settlement Agreements with the Settling Defendants should be given final approval; (2) the plans of distribution for the Indirect Purchaser Settlement Class and the Government Purchaser Settlement Classes, as set out in the Report, Part I, should be approved and adopted by this Court; (3) the claims processing protocols for the Indirect Purchaser Settlement Class, as set out in the Report, Part II, should be approved and adopted by this Court; (4) Plaintiffs' motion for final adoption of the findings of fact, conclusions of law and recommendations set out in the Report, Parts I and II should be granted; and (5) there is no just reason for delay in the entry of Judgment, which shall constitute a final adjudication of this case on the merits as to the Settling Defendants.  Accordingly, good cause appearing therefor, it is:

ORDERED, ADJUDGED AND DECREED that:

1.     The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation, and over the parties to the Settlement Agreements, including all members of the Indirect Purchaser Settlement Class, the Government Purchaser Settlement Classes, the Plaintiffs, and the Settling Defendants, and any person or entity claiming by, for, or through the Settling Parties with regard the Released Claims, as defined in the Settlement Agreements.

2.     The following classes are certified for settlement purposes only, pursuant to Rule 23, Federal Rules of Civil Procedure, bearing in mind that this litigation presented a series of difficult factual, legal and procedural issues, many of which remained undecided at the time of the Settlements.  The Settlements resolve the litigation to give certainty to the parties, and nothing in this Order, other than the findings and conclusions of the Court as expressly set forth in this Order, resolves those issues:

> The Indirect Purchaser Settlement Class:  All natural persons and non-governmental entities, who, at any time during the period from January 1, 1998 through December 31, 2002, purchased dynamic random access memory ("DRAM") devices and

3

components, including all products containing DRAM, anywhere in the United States indirectly from the defendants, their parents, subsidiaries and affiliates.  Excluded from this definition are defendants and their parents, subsidiaries and affiliates, legal representatives, successors, assigns or co-conspirators; all governmental entities; any judicial officer presiding over the settled litigation and the members of his/her immediate family and judicial staff.

The Samsung/Winbond Government Purchaser Settlement Class: All state government entities, all political subdivisions and all public colleges and universities in Class States Alaska, Delaware, Ohio and Pennsylvania, all political subdivisions in New Mexico and all political subdivisions, the University of California and the State Bar of California in Class State California who purchased DRAM or DRAM-containing products directly or indirectly from Samsung and Winbond between January 1, 1998 and December 31, 2002;

The Multi-Defendant Government Purchaser Settlement Class: All political subdivisions in Class State New Mexico and all political subdivisions, the University of California and the State Bar of California in Class State California who purchased DRAM or DRAM-containing products directly or indirectly from Infineon, Elpida, NEC, Mosel, Micron, Hynix, Nanya, Mitsubishi, Toshiba and Hitachi between January 1, 1998 and December 31, 2002.

3.     Within the context of and for the purposes of the approval of the Settlements, the Court finds that the requirements of Rule 23(a), Federal Rules of Civil of Procedure, have been satisfied by each of the above-described classes in that: (a) there are numerous putative class members, making joinder of all class members impracticable; (b) there are questions of fact and law that are common to all members of the class; (c) the claims of the named plaintiffs who are class representatives are typical of the claims of the absent members of the class; (d) the named plaintiffs who are class representatives have and will fairly and adequately protect the interests of the absent members of the class; and (e) the counsel for the class are skilled and experienced litigators who have and will adequately advance the interests of the class.  The Court adopts as a final matter the findings of fact and conclusions of law set forth in the Report, Part I, as to satisfaction of the requirements of Rule 23(a) by each of the above-described classes, as if fully set forth herein.

4.     Within the context of and for the purposes of the approval of the Settlements, the Court further finds that the requirements of Rule 23(b)(2) and (b)(3), Federal Rules of Civil

4

Procedure, have been satisfied for settlement purposes by each of the above-described classes in that: (a) the defendants have acted on grounds that apply generally to the class; (b) questions of fact and law common to the class members predominate over any questions affecting only the claims of individual class members; and (c) a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Court adopts as a final matter the findings of fact and conclusions of law set forth in the Report, Part I, as to satisfaction of the requirements of Rule 23(b)(2) and (b)(3) by each of the above-described classes, as if fully set forth herein.

5.      The Court hereby appoints as a final matter the plaintiffs named in the *Petro* Complaint as the representatives of the Indirect Purchaser Settlement Class, and Indirect Purchasers' Co-Lead Counsel, Cooper & Kirkham, Gustafson Gluek, The Mogin Law Firm and Straus & Boies, as counsel for the class. The Court adopts as a final matter the findings of fact and conclusions of law set forth in the Report, Part I, as to the qualification of these firms to serve as class counsel, as if fully set forth herein.

6.      The Court hereby appoints as a final matter as the representatives of the Samsung/Winbond Government Purchaser Settlement Class, the States of Alaska, Delaware, Ohio and Pennsylvania, and for California class members, the City and County of San Francisco, Santa Clara County and the Los Angeles Unified School District, and for New Mexico class members, the Rio Rancho Public Schools. The Court further appoints as a final matter as the representatives of the Multi-Defendant Government Purchaser Settlement Class, for California class members, the City and County of San Francisco, Santa Clara County and the Los Angeles Unified School District, and for New Mexico class members, the Rio Rancho Public Schools. The Court appoints as a final matter Emilio E. Varanini, Deputy Attorney General of the California Attorney General's Office, as counsel for each of the government purchaser classes. The Court adopts as a final matter the findings of fact and conclusions of law set forth in the Report, Part I, as to the qualification of Mr. Varanini to serve as class counsel, as if fully set forth herein.

7.      The "Indirect Purchaser Plaintiffs' and Attorneys General's Notice of Exclusions," filed May 15, 2014 (Dkt. No. 2205) set out the names of five (5) individuals who elected to exclude themselves from the Indirect Purchaser Plaintiff Settlement Class and the *parens patriae* actions, and the two (2) Oregon governmental entities who elected to exclude themselves pursuant to the Oregon notice provisions.  Such persons/entities are not included in or bound by this Final Judgment.  Such persons/entities are not entitled to any recovery from the settlement proceeds obtained through the Settlements.

8.      Prior to receipt of these requests for exclusion, Notice of this litigation and the proposed settlements was given to putative members of the Indirect Purchaser Settlement Class, including those covered by the *parens patriae* actions, the Government Purchaser Settlement Classes, and by the Oregon Attorney General pursuant to the notice requirements of OR. REV. STAT. §646.775 (2)(a), all in accordance with this Court's "Order Granting Preliminary Approval of Joint Settlements, Conditionally Certifying Settlement Classes, Adopting Special Master's Report and Recommendations, Parts I & II, Disseminating Notice To the Settlement Classes, and Scheduling Fairness Hearing," filed January 17, 2014 (Dkt. No. 2174), ("Preliminary Approval Order").  The Court confirms its prior findings that the Notices given pursuant to the Preliminary Approval Order were the best notice practicable under the circumstances.  The Court further confirms its prior findings that said notices provided due, adequate, and sufficient notice of these proceedings and of the matters set forth herein, including the proposed settlements set forth in the Settlement Agreements, and that said notice fully satisfied the requirements of due process, the Federal Rules of Civil Procedure, and all applicable state laws.

9.      The Court finds that the Settling Defendants have provided a notice of proposed settlement that complies with the requirements of the Class Action Fairness Act, 28 U.S.C. §§ 1711-15.

10.      The Court hereby finally approves and confirms the Settlements set forth in the Settlement Agreements with the Settling Defendants and finds that said settlements are, in all

6

respects, fair, reasonable, and adequate pursuant to Rule 23(e), Federal Rules of Civil Procedure, and all applicable state laws.

11.     The Court hereby dismisses on the merits and with prejudice the individual, *parens patriae*, governmental entity, and class claims asserted by the Plaintiffs against the Settling Defendants, with all parties to bear their own costs and attorneys' fees except as provided for in the Agreements and by order of this Court.  All parties will seek the dismissal of any state court actions covered by the terms and provisions of the Settlement Agreements.

12.     As provided in each of the Settlement Agreements, the Settling Defendants and all persons and entities who are defined as Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Plaintiffs and members of the certified Settlement Classes and any person or entity defined in the Settlement Agreements as Releasors had or have arising out of or related in any way to any of the Released Claims as defined in the Settlement Agreements.

13.     Private claims against the Settling Defendants and Releasees are released by two Settling Plaintiff groups:  the class of Indirect Purchasers as certified above and the Attorneys General through their *parens patriae* claims.  The releases are as follow:

> The Settling Defendants and Releasees, as defined above, shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settling Plaintiff has objected to the settlement or makes a claim upon or participates in the Settlement Fund), whether directly, representatively, derivatively or in any other capacity that Releasors, as defined above, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, related to, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, damages, and the consequences thereof in any way arising out of or relating in any way to any act or omission of the Settling Defendants Releasees (or any of them) concerning the pricing, production, development, or sale of DRAM products or products containing DRAM up to December 31, 2002, based on the conduct alleged and causes of action asserted or that could have been asserted, in complaints filed in the Actions by the Settling Plaintiffs, or in any similar action filed in any federal or state court, including, without limitation, any claims arising

7

under any federal or state antitrust, unjust enrichment, unfair competition, trade practice statutory or common law, and consumer protection law (to the extent that a consumer protection claim would be based on allegations of an antitrust or unfair competition violation) (the "Released Claims").  Releasors shall not, after the date of this Agreement, seek to establish liability against any Settling Defendants Releasee based, in whole or in part, upon any of the Released Claims, or conduct at issue in the Released Claims.  The Settling Parties contemplate and agree that the Settlement Agreements may be pleaded as a bar to a lawsuit, and an injunction may be obtained, preventing any action from being initiated or maintained in any case sought to be prosecuted on behalf of indirect DRAM purchasers with respect to the claims released in this paragraph.  This release, discharge, and covenant not to sue does not include claims by any of the Settling Plaintiffs other than the claims set forth therein and does not include other claims, such as those solely arising out of product liability or warranty claims in the ordinary course of business.

Because both Settling Plaintiff groups are giving complete releases of the Released Claims, this Court need not determine and has not determined which of the two Settling Plaintiff groups is releasing or may release any of the Released Claims.

14.     The Settling Defendants are enjoined for a period of three years from the execution of their various Settlement Agreements from engaging in certain conduct specified therein, but generally falling into the broad categories of price fixing, market allocation and bid rigging, with respect to the sale of any DRAM product for delivery in the United States, which constitutes horizontal conduct that are *per se* violations of Section 1 of the Sherman Act, including, participating in meetings, conversations, and communications with each other and other DRAM manufacturers (other than among affiliated entities) in the United States and elsewhere to discuss the prices of DRAM to be sold to original equipment manufacturers of personal computers and servers ("OEM customers") and exchanging information on sales of DRAM to OEM customers, for the purpose of monitoring and enforcing adherence to agreed-upon prices. The Settling Defendants are also required pursuant to the terms of their various Settlement Agreements to establish, within ninety days of final approval, if not already established, and maintain for a period of three years thereafter, a program to provide relevant antitrust compliance education to the Settling Defendants' officers and employees with responsibility for pricing and sales of DRAM in and to the United

8

States regarding the legal standards imposed by federal and state antitrust laws, and to certify to a designated representative of the plaintiffs by appropriate letter that it is fully compliant with the provisions of their respective Settlement Agreements.

15. The Court hereby adopts and fixes the Plans for Distribution for the Indirect Purchaser Settlement Class and the Government Purchaser Settlement Classes that are recommended by the Special Master in the Report, Part I, at ¶¶ 24, and 293 – 363. The Court also adopts as a final matter the findings of fact, conclusions of law and recommendations contained in the Special Master's Report, Part I, as to the process employed in arriving at and fixing, and the fairness, reasonableness and adequacy of the Plans of Distribution for the Settlement Classes.

16. The Court hereby adopts and fixes the claims processing protocols for the Indirect Purchaser Settlement Class that are recommended by the Special Master in the Report, Part II, at ¶¶ 29 – 38. The Court also adopts as a final matter the findings of fact, conclusions of law and recommendations contained in the Special Master's Report, Part II, as to the process employed in arriving at and fixing, and the fairness, reasonableness and adequacy of the claims processing protocols for the Indirect Purchaser Settlement Class.

17. The Court has carefully and fully reviewed and considered all of the objections to the proposed settlements, the objections to the certification of the Indirect Purchaser Settlement Class, the objections to the proposed plan of distribution for the Indirect Purchaser Settlement Class and to the form of notice to that Class, and, for the reasons set forth in Plaintiffs' responses to the objections, as further developed at the fairness hearing, the Court concludes that none of these objections raises any grounds to decline certification of the Indirect Purchaser Settlement Class, to deny final approval to the Settlements or to fail to adopt the plan of distribution for the Indirect Purchaser Settlement Class, and accordingly the Court hereby OVERRULES each of the objections.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (a) implementation of the terms and conditions of the Settlement Agreements; (b) disposition of the Settlement Funds as defined in each Agreement and

9

distribution to class members pursuant to further orders of this Court; (c) the designation of *cy pres* recipients and the *cy pres* disposition of settlement funds should that become necessary; (d) the Settling Defendants until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreements; and (e) all parties and Releasors and Releasees for the purpose of enforcing and administering the Settlement Agreements and the mutual releases, including the execution and filing of any documents contemplated by, or executed in connection with, the Settlement Agreements.

19.     In the event that a settlement does not become effective in accordance with the terms of any of the relevant Settlement Agreements, then the judgment shall be rendered null and void and shall be vacated as to that Agreement, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties to that Agreement shall be returned to their respective positions *ex ante*.

20.     The Court finds, pursuant to Rules 54(a) and (b), Federal Rules of Civil Procedure, that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Final Judgment, as a Final Judgment, as to the parties to the Agreements. Accordingly, the Clerk is hereby directed to enter the Judgment of dismissal with prejudice as to Settling Defendants, forthwith.


Dated: June ___, 2014

_____
PHYLLIS J. HAMILTON
Judge of the United States District Court